# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:15-cr-000172 |
| | ) CHIEF JUDGE CRENSHAW |
| JOHN J. CAUTHON, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On September 27, 2017, a jury found Cauthon guilty on four counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2, and not guilty on three counts of health care fraud. (Doc. No. 147.) Cauthon was found guilty of falsely submitting claims to his billing company, which then submitted those false claims to the insurance companies, for performing two nail avulsions on Larry Short, one on Delores Via, and one on Cleo Merriwether, when in fact he did not perform those nail avulsions. Before the Court is Defendant's Motion for Judgment of Acquittal and for New Trial. (Doc. No. 152.) After the Court granted Cauthon's request to proceed pro se, the Court allowed Cauthon to file any supplement to this motion on or before May 21, 2018. (Doc. No. 206.) No supplement has been filed. For the following reasons, Cauthon's Motion is denied.

I.

Cauthon moves for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29. If a jury found a defendant guilty, the "court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). The Court should direct acquittal if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The "verdict in a criminal case is sustained only when there is 'relevant evidence from which the jury could properly find or infer, beyond a

reasonable doubt,' that the accused is guilty." C. Wright & A. Miller, 7 Federal Practice and Procedure § 467, at 362 (2009) (citing Am. Tobacco Co. v. United States, 328 U.S. 4 (1946)).

In the alternative, Cauthon moves for a new trial under Federal Rule of Criminal Procedure 33. Under Rule 33, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Generally, courts should refrain from granting new trials unless "the substantial rights of the defendant were [ ] affected." C. Wright & A. Miller, Federal Practice and Procedure § 581, at 436 (2009) (citing United States v. Wall, 389 F.3d 457, 474 (5th Cir. 2004)). In the Sixth Circuit, when reviewing the sufficiency of the evidence, the Court sits as a thirteenth juror and may weigh evidence and consider credibility. United States v. Munoz, 605 F.3d 359, 373 (6th Cir. 2010).

To support a conviction of health care fraud, the Government must prove that the defendant:

(1) "knowingly devised a scheme or artifice to defraud a health care benefit program in connection with the delivery of or payment for health care benefits, items, or services";

(2) the defendant "executed or attempted to execute this scheme or artifice to defraud"; and

(3) "acted with intent to defraud."

United States v. Martinez, 588 F.3d 301, 314 (6th Cir. 2009) (quoting United States v. Hunt, 521 F.3d 636, 645 (6th Cir. 2008)); 18 U.S.C. § 1347; (see also Jury Instructions at 36-37.)

II.

Cauthon first argues that the facts do not support the convictions because the Government did not prove that Cauthon failed to perform nail avulsions on Larry Short, Delores Via, or Cleo Merriweather. (Doc. No. 153 at 4-31.) He cites Dr. Paul Kinberg's testimony, in which he

2

discussed how there is "confusion" and "debate" in the podiatric community on what qualifies as a toenail avulsion for billing purposes. (Doc. No. 153 at 7-8.) He argues that Dr. Kinberg did not explain the nondebatable elements of a toenail avulsion, and there was no other evidence in the record from which the jury could determine what constitutes a toenail avulsion. (Doc. No. 153 at 34-37.) As further evidence of this "confusion," Cauthon cites Dr. Phillip Giafortune's testimony, who discussed what Cauthon would have learned in podiatry school about what is a toenail avulsion and, Cauthon argues, differs from Dr. Kinberg's testimony. (Doc. No. 153 at 11-14.)

With regards to the lay testimony, Cauthon argues that Vanessa Massey and Sara McCurry testified that Cauthon actually performed many toenail avulsions. (Doc. No. 153 at 14-19.) Larry Short could not remember anything relevant to the first two counts of the Indictment, and Delores Via could not identify Cauthon at all. (Doc. No. 153 at 27-32.) The remaining witnesses, Cauthon argues, could not identify Cauthon or were not aware that Cauthon was performing nail avulsions. (Doc. No. 153 at 19-274.)

When viewing the evidence in the light most favorable to the Government, a jury could find Cauthon guilty of four counts of healthcare fraud beyond a reasonable doubt. Regarding Larry Short, he testified that he would remember having his toenail removed at a clinic, and he specifically recalled one time when a podiatrist did remove his toenail. (Doc. No. 110-1 at 10.) However, he did not remember Cauthon ever removing Short's toenail. (Id.) In fact, Short testified he did not have any podiatry care at his facility. (Id. at 8.) Short's patient records for June 3 and October 27, 2014, showed no procedures or wounds on his toes. (Doc. No. 194 at 15-16 (citing Ex. 33)). The patient records after the days of the alleged-toenail avulsions also did not show any wound care for Short's toes. (Doc. No. 194 at 14-15.) John Zaccaro testified that such care would be reflected in the patient records, and he specifically recalled checking Short's toes and

determining no avulsion had been performed. (Id. at 15.) Sufficient evidence supports Cauthon's convictions on Counts 1 and 2.

Evidence also supports Cauthon's conviction of fraudulently billing for a nail avulsion performed on Delores Via. Via testified that she had feeling in her feet and she would remember a toenail avulsion. (Doc. No. 129 at 6.) She also testified that Cauthon removed the corner of an ingrown toenail one time. (Doc. No. 129 at 15.) Cauthon's billing records also showed that Cauthon billed for toenail avulsions two months apart, which Kinberg testified would be impossible because it would take at least nine months to heal. (Doc. No. 138 at 39.) Sufficient evidence supports Cauthon's conviction on Count 5.

Regarding Cleo Merriwether, Sherrell Bryant testified that, as Merriwether's legal guardian, someone who worked for Mayfield was required to notify her prior to any medical procedures being performed on Merriwether. (Doc. No. 193 at 7.) Bryant testified that Merriwether did not have a toenail avulsion at any time while she was at Mayfield and nobody attempted to gain her consent for such a procedure. (Doc. No. 193 at 9.) Zaccaro also testified that Merriwether was not a patient with a wound. (Doc. No. 194 at 17.) Sufficient evidence supports Cauthon's conviction on Count 6.

The remaining elements are all met. Cauthon's actions were done knowingly given his training and experience, they were executed in connection with the delivery of, and payment for, healthcare serves, and involved a material misrepresentation that he was performing nail avulsions he did not perform. Cauthon had the intent to defraud by billing for nail avulsions, which paid a higher rate than the procedures he actually performed.

III.

Cauthon makes two evidentiary arguments for a new trial: (1) the Court improperly admitted prior bad acts evidence under Federal Rule of Evidence 404(b); and (2) the Court improperly excluded Defense Exhibits 8 and 9. The Court sufficiently discussed the bad acts evidence, in the form of Grace Goodwin's and Dekendra Lewis' testimony, in its September 15, 2017 Order. (Doc. No. 113 at 1-2.) The Court incorporates that ruling here and finds that it is not grounds for a new trial.

As to Exhibits 8 and 9, those exhibits are not relevant for the reasons the Court gave at trial, which are incorporated herein. (Doc. No. 138 at 76-80.) Even if the exhibits were somewhat relevant to defining what is a nail avulsion, Cauthon has not shown any prejudice from excluding these exhibits because, for the reasons above, there is still ample evidence that he did not perform nail avulsions in the four instances for which he was convicted. The exclusion of Exhibits 8 and 9 is not grounds for a new trial.

IV.

For the foregoing reasons, Cauthon's Motion for Judgment of Acquittal and for a New Trial (Doc. No. 152) is **DENIED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE